**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-5027**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

     v.

HERBERT LEVI VENABLE,

             Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Robert E. Payne, Senior District Judge.  (3:07-cr-00068-REP)

Submitted:  April 16, 2008            Decided:  June 16, 2008

Before WILKINSON, MICHAEL, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Amy L. Austin, Frances H. Pratt, Assistant Federal Public Defenders, Richmond, Virginia, for Appellant. Chuck Rosenberg, United States Attorney, Matthew C. Ackley, Special Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Herbert Levi Venable appeals from his 120-month sentence imposed pursuant to his guilty plea to distribution of crack cocaine. On appeal, Venable contends that the district court applied the incorrect procedural framework in determining his sentence and that his sentence was greater than necessary to serve the goals of sentencing. Finding no abuse of discretion, we affirm.

I.

At his sentencing hearing, Venable moved for a downward departure under U.S. Sentencing Guidelines Manual § 4A1.3 (2006), arguing that his career offender designation over-represented his criminal history. Venable's qualifying convictions were for burglary while armed with a deadly weapon with the intent to commit murder and malicious wounding in 1980 and possession of heroin with the intent to distribute as an accommodation in 2000. While the burglary offense was more than twenty years old at the time of Venable's current offense, his parole/probation for that offense was revoked four times, resulting in a cycle of release and re-incarceration continuing from 1982 until 1994, when Venable was finally discharged from supervision. Venable's criminal history also included six misdemeanor assault or assault and battery convictions and numerous misdemeanor convictions for writing bad

checks, petit larceny, trespassing, possession of marijuana, obstruction of justice, making a false report to a police officer, contempt of court, and driving on a suspended license. Venable's criminal history points placed him in criminal history category VI, even absent the career offender designation. The court denied the motion to depart, finding that Venable's criminal history was not atypical for career offenders and did not significantly over-represent his criminal history or the likelihood he would commit other crimes.

Venable also requested a variance sentence of sixty months. The district court considered the small quantity of drugs at issue (.118 grams of crack cocaine), the seriousness of the offense, Venable's "intermediate" role in the offense, and the age of his first career offender predicate conviction, and found that a variance would be appropriate. However, the court found that Venable's history was lengthy and included many serious misdemeanors. The court also noted that Venable had demonstrated an inability to follow the law or take advantage of prior leniency. The court then imposed a variance sentence of 120 months.

II.

Venable first asserts that his sentence was procedurally erroneous because (1) when considering his motion for a departure the court incorrectly considered whether Venable's criminal history

category over-represented his criminal history rather than whether the career offender designation over-represented his criminal history and (2) the court failed to sufficiently explain how such a long period of incarceration furthered any of the sentencing goals better than a sixty-month sentence would have.

First, under USSG § 4B1.3(b)(1), a departure is only available if "the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." Career offender status is only mentioned as a limitation; specifically, career offenders are only eligible for a one-category reduction. USSG § 4A1.3(b)(3). Under the applicable guideline, career offender status does not require any different analysis by the district court.

Thus, the court properly considered both whether Venable's criminal history was so minor that it rendered his an "unusual" career offender case and whether category six overstated his criminal history. See United States v. Spencer, 25 F.3d 1105, 1113 (D.C. Cir. 1994) (holding that court must determine whether career offender's history is "unusual" compared to other career offenders prior to departing under § 4A1.3); United States v. Stockton, 349 F.3d 755, 764 (4th Cir. 2003) (§ 4A1.3 departure requires analysis of whether criminal history category exaggerates criminal record even when defendant is a career offender).

Accordingly, there was no procedural error in the court's analysis of whether to depart under § 4A1.3.

Turning to Venable's second claim of procedural error, Venable asserts that the district court was required to explicitly state why a 120-month term of imprisonment served the goals of sentencing better than the 60-month term urged by Venable. However, there is no such procedural requirement. The district court's explanation of the sentence imposed should provide some indication that it considered the 18 U.S.C.A. § 3553 (West 2000 & Supp. 2007) factors and the potentially meritorious arguments raised by the parties at sentencing. United States v. Montes-Pineda, 445 F.3d 375, 380 (4th Cir. 2006), cert. denied, 127 S. Ct. 3044 (2007).

Here, the court clearly considered both the statutory factors and the arguments of the parties. The suggestion of a specific sentence by the defendant does not place any further requirements on the district court. Accordingly, there was no procedural error.


III.

Finally, Venable contends that the district court's sentence was greater than necessary to comply with the statutory sentencing goals set forth in § 3553. Specifically, Venable asserts that such a lengthy sentence for an offense involving less

than an eighth of a gram of crack cocaine does not promote respect for the law. In addition, Venable states that a shorter sentence would still have had a strong deterrent effect given the short sentences Venable had served in the past. Finally, Venable contends that he is not the "prototypical" career offender and, thus, his sentence created an unwarranted disparity.

We will affirm a sentence so long as it is within the statutorily prescribed range and is reasonable. United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005). Reasonableness review focuses on whether the district court abused its discretion. United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). When sentencing a defendant, the district court must (1) properly calculate the guideline range; (2) determine whether a sentence within that range serves the § 3553(a) factors in light of the arguments presented by the parties; (3) implement mandatory statutory limitations; and (4) explain its reasons for selecting a sentence. See Gall v. United States, 128 S. Ct. 586, 596-97 (2007). Even if the reviewing court would have reached a different sentencing result on its own, this fact alone is insufficient to justify reversal of the district court. Pauley, 511 F.3d at 474.

Here, the district court properly calculated the guideline range, determined that a sentence outside that range would serve the § 3553(a) factors, and explained its reasons for choosing the sentence that it did. The district court considered

the small amount of drugs involved in the offense as well as the age of one of Venable's prior convictions in imposing a variance sentence below the Guideline range. Moreover, Venable presents only conclusory arguments that his sentence created a disparity with other career offenders with similar prior convictions. Based on the record as a whole, the district court properly considered all the factors and arguments in arriving at its sentence. We conclude that there was no abuse of discretion.

Accordingly, we affirm Venable's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED